UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

No. 16-CV-6919 (ENV) (RER)

———————————————

WELLS FARGO BANK, N.A.,

Plaintiff,

VERSUS

ANDRE A. WATTS, AKA ANDRE WATTS; CRIMINAL COURT OF THE CITY OF NEW YORK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

Defendants.

———————————————

**Report & Recommendation**

December 16, 2019

———————————————

**To the Honorable Eric N. Vitaliano,
Senior United States District Judge**

**Ramon E. Reyes, Jr. U.S.M.J.:**

      Wells Fargo Bank, N.A. ("Plaintiff") commenced this action on December 15, 2016, against Andre A. Watts, also known as Andre Watts ("Watts"); Criminal Court of the City of New York; New York City Environmental Control Board; and New York City Transit Adjudication Bureau (the "Municipal Defendants"; collectively, "Defendants"), seeking to foreclose its mortgage encumbering 13-06 Caffrey Avenue, Far Rockaway, New York, 11691 (the "Subject Property") and obtain a judgment of sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1351 (Dkt. No. 1 ("Compl.") ¶ 1; Dkt. No. 46 ("Vargas Decl.") ¶ 9). On March 13, 2019, the Court denied Plaintiff's motion for default judgment against Watts and denied Plaintiff's motion for default judgment against the Municipal Defendants without prejudice to renewal. (Dkt. No. 40).

1

Before the Court are Plaintiff's and Watts's cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56 and Plaintiff's renewed motion for default judgment against the Municipal Defendants pursuant to Fed. R. Civ. P. 55. (Dkt. Nos. 45, 51). Your Honor has referred these motions to me for a Report and Recommendation. (Order dated 7/08/2019). For the reasons discussed herein, I respectfully recommend that the Court GRANT Watts's motion for summary judgment and dismiss the Complaint. Accordingly, I recommend that the Court DENY Plaintiff's motions for summary judgment and default judgment against Defendants.

## BACKGROUND

On April 13, 2005, Watts executed and delivered a note (the "Note") in the amount of $448,000.00 in favor of Fremont Investment & Loan. (Compl. ¶¶ 12–13; Dkt. No. 1-3 ("Cert. Merit") at 4–6). Watts secured the Note by a Mortgage (the "Mortgage"; collectively, the "Loan Documents") on the Subject Property, and the Mortgage was recorded on July 25, 2005. (Cert. Merit at 8). Although the Note identifies Fremont Investment & Loan as the Lender, the mortgagee of record on the Recording Page is listed as Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.*). Pursuant to the terms of the Mortgage, MERS acted as a nominee for Fremont Investment & Loan and its successors in interest. (*Id.* at 9).

On June 4, 2012, MERS assigned the mortgage to Plaintiff (*id.* at 32), and the assignment was recorded on August 7, 2012. (*Id.* at 30). On March 28, 2014, Plaintiff, through its mortgage loan servicer Nationstar Mortgage LLC, entered into a Home Affordable Modification Agreement with Watts. (*Id.* at 33; Vargas Decl. ¶ 3). The Agreement effectively modified the new principal balance of the Loan Documents to $460,085.41, with an interest rate of 2.00% beginning to accrue as of April 1, 2014. (Cert. Merit at 35). Additionally, this Agreement provided that the first new monthly payment would be due on May 1, 2014. (*Id.*).

When Watts failed to make payments beginning on June 1, 2016, and continuing thereafter (Dkt. No. 48 ("Pl. 56.1 Smt.") ¶ 5; Dkt. No. 51-17 ("Def. 56.1 Smt.") ¶ 5), Plaintiff filed this action against Defendants to foreclose the Mortgage on the Subject Property and recoup other related costs. (Compl. ¶¶ 1, 16). Plaintiff named the Municipal Defendants because they "claim an interest or lien encumbering the property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage." (*Id.* ¶ 8). Their subordinate interests make them necessary parties to a foreclosure action under New York law. N.Y. Real Prop. Acts Law § 1311(3).

Neither Watts nor the Municipal Defendants answered or otherwise moved in the action, and in response to Plaintiff's request, default was entered against Defendants on February 22, 2017. (Dkt. Nos. 9–10). Plaintiff filed its motion for default judgment on May 5, 2017. (Dkt. No. 11). Prior to a decision on the

2

motion, Watts appeared and moved to vacate the entry of default against him. (Dkt. No. 31). I granted Watts's motion to vacate on the basis that Watts did not default willfully and asserted meritorious defenses, and that Plaintiff would not be prejudiced by the vacatur of default. (Dkt. No. 32). The following day Watts filed his answer substantially denying the allegations and asserting numerous defenses. (Dkt. No. 35 ("Answer")).

On January 3, 2019, I recommended that Plaintiff's motion for default judgment against Watts be denied as moot and the motion for default judgment against the Municipal Defendants be denied without prejudice to renewal. (Dkt. No. 33). Your Honor adopted my recommendations in their entirety. (Dkt. No. 40). Plaintiff now moves to renew its motion for default judgment against the Municipal Defendants and for summary judgment against Watts. (Dkt. No. 45). Watts has filed a cross-motion for summary judgment against Plaintiff. (Dkt. No. 51).

## **LEGAL STANDARD**

The Court may grant summary judgment where the submissions of the parties, taken together, establish "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A dispute of fact is "genuine" if the evidence in the record is such that "a reasonable jury could return a verdict in favor the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party has the initial burden "to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The burden then shifts to the non-moving party to contradict this assertion and "come forth with evidence sufficient to allow a reasonable jury to find in [its] favor." *Spinelli v. City of N.Y.*, 579 F.3d 160, 166–67 (2d Cir. 2009) (quoting *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001; internal quotation marks omitted); *see also Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) ("The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.") (emphasis removed). The non-moving party "cannot rely on the mere allegations or denials contained in the pleadings" to establish this showing. *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quoting *Walker v. City of New York*, No. 11 Civ. 2941 (KPF), 2014 WL 1244778, at *5 (S.D.N.Y. Mar. 26, 2014); citations and internal quotation marks omitted).

To determine whether a genuine issue of fact exists, a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelly, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004) (internal quotation marks omitted). "The same standard

3

of review applies when the court is faced with [a] cross-motion[] for summary judgment." *Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407 (E.D.N.Y. 2009) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 608 F. Supp. 2d 477, 492 (S.D.N.Y. Mar. 31, 2009); citations and internal quotation marks omitted). In evaluating cross-motions for summary judgment, each motion will be reviewed on its own merits and "in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Entm't, Inc*., 249 F.3d 115, 121 (2d Cir. 2001) (citations omitted). A court need not enter judgment for either party. *Id*.

## ANALYSIS

Under New York state law, a plaintiff establishes its *prima facie* case in a foreclosure action by producing: i) the mortgage and note or the proof of the existence of an obligation secured by a mortgage; ii) proof of the mortgagor's default; and iii) proof of notice to the mortgagor of the default. *See Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019); *Plenitude Capital LLC v. Utica Ventures LLC,* No. 18-CV-2702 (MKB) (RER), 2019 WL 4014840, at *4 (E.D.N.Y. June 11, 2019), *R & R adopted*, 2019 WL 3543610 (Aug. 5, 2019). In the case where a note and mortgage have been assigned, such as here, a plaintiff must also produce evidence of the assignment. *See Bank of America v. 3301 Atlantic, LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *9 (E.D.N.Y. June 29, 2012) (quoting *N. Bright Capital, LLC v. 705 Flatbush Realty, LLC*, 66 A.D.3d 977 (2d Dep't 2009); collecting cases).

### i. Proof of Mortgage and Note

A review of the record demonstrates that Plaintiff has established the first element of its *prima facie* case. Under New York law, "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (N.Y. App. Div. 2015). "The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note." *U.S. Bank N.A. v. Guy*, 125 A.D.3d 845, 846–47 (N.Y. App. Div. 2015). Watts argues on his cross-motion for summary judgment that Plaintiff has failed to prove that it was the owner and holder of the Note and Mortgage when the complaint was filed. (Def. 56.1 Smt at 1, ¶ 2; *see generally* Dkt. No. 51-18).

Here, Plaintiff establishes it is the holder of the Note by both written assignment and physical possession. First, Plaintiff submitted to the Court, affixed to its Complaint, a document titled "Assignment of Mortgage" that verifies the Mortgage and Note were assigned to it on June 4, 2012. (Compl. at 32). The Assignment of Mortgage assigns the mortgage to the Plaintiff "together with the note(s) and obligations therein described . . .." (*Id.*). This language has been found "sufficient to assign both the Mortgage and

4

underlying Note to Plaintiff." *Wells Fargo Bank, N.A. v. 390 Park Avenue Ass'n, LLC*, No. 16 Civ. 9112 (LGS), 2018 WL 4373996, at *7 (S.D.N.Y. Sept. 12, 2018). "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it." *Id.* (quoting *Deutsche Zentral-Genossenchaftsbank v. HSBC N. Am. Holdings, Inc.*, No. 12 Civ. 4025, 2013 WL 6667601, at *17 (S.D.N.Y. Dec. 17, 2013); citations and internal quotation marks omitted). Second, New York courts have held that proof of physical possession, and thus standing, can be established through affidavits from corporate representatives and counsel. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) (collecting cases). In the present action Plaintiff proves physical possession of the Note by providing affidavits from Plaintiff's servicing agent and counsel which confirm that Plaintiff was in physical possession of the Note at the time the action commenced. (*See* Dkt No. 46 at 2, ¶ 3; Dkt. No. 46-9 ¶ 3). Therefore, Watts's contention that Plaintiff does not have standing to bring this action because MERS allegedly assigned the Mortgage to Wells Fargo without the Note is unfounded. (*See* Dkt. No. 51-18 at 12).

### ii. Proof of Default

Plaintiff has also established the second element of its *prima facie* case. Plaintiff submits an affidavit from April Simmons ("Simmons") stating that she has "personal knowledge of the matter[s] stated" and that "[t]here is a default under the terms and conditions of the Promissory Note and Mortgage because the June 1, 2016 and subsequent payments were not made." (Dkt. No. 46-9 ¶¶ 1, 6). Ms. Simmons confirmed that both the "90 Day Notice" and "Notice of Default"—documents that demonstrate default occurred—were mailed in the ordinary course of business. (Simmons Aff., Dkt. No. 46, Exh. J, ¶¶ 3, 7, 9); *Hoyer*, 362. F. Supp. 3d at 79 (finding that plaintiff proved second element of prima facie case in foreclosure action by presenting affidavit from person with knowledge that debtor failed to cure default and had prepared notice documents). Watts admits that he failed to make payments due beginning on June 1, 2016, and thereafter (Pl. 56.1 Smt. ¶ 5; Def. 56.1 Smt. ¶ 5), but he disputes whether he received sufficient notice following his default. (Dkt. No. 51-16 ("Watts Aff.") ¶¶ 6–7)).

### iii. Proof of Notice

The third element of Plaintiff's *prima facie case*—proof of notice to the debtor of the default—has not been satisfied. Plaintiffs in foreclosure actions are required by New York law to send a 90-day pre-foreclosure notice "by registered or certified mail and also first-class mail to the last known address of the borrower." RPAPL § 1304; *see OneWest Bank, N.A. v. Simon*, No. 14-CV-6622 (RJD), 2019 WL 1320275, *11 (E.D.N.Y. Mar. 22, 2019). To demonstrate compliance with these "stringent notice requirements," plaintiffs must submit more than conclusory statements to the Court. *United States v. Starr*, No. 16 Civ.

5

1431 (NSR), 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017) (citing *Cent. Mortg. Co. v. Abraham*, 159 A.D.3d 961 (N.Y. App. Div. 2017) (slip op.)). Sufficient notice is "a 'condition precedent' to the commencement of a foreclosure action." *Starr*, 2017 WL 4402573, at *3 (citing *Onewest Bank, N.A. v. Guerrero*, 14 Civ. 3754 (NSR), 2016 WL 3453457, at *5 (S.D.N.Y. June 17, 2016); *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 96 (N.Y. App. Div. 2011)).

Plaintiff submits an affidavit by Simmons, a Document Execution Associate for Nationstar Mortgage LLC (Plaintiff's mortgage loan servicer), that attests to sending the notice to Watts by certified and first-class mail, in addition to detailing the standard office procedure the company utilizes to ensure 90-day notices are properly addressed and mailed. (Simmons Aff. ¶¶ 3–8). Attached to the Simmons Affidavit is a copy of the 90-day notice mailed to Watts on June 6, 2016 (Dkt. No. 46-10 at 7–8), a copy of the "Default Notice" pursuant to the terms of the Mortgage mailed on July 15, 2016 (*Id.* at 50–52), and copies of the envelopes sent to Watts's address. (*see, e.g., id* at 5, 48, 54). The record also includes a ledger signed and date-stamped by a United States Postal Service employee which shows that the company sent two envelopes to Watts by certified mail on June 6, 2016. (Dkt. No. 46-10 at 35); *see Wilmington Savings Fund Society, FSB v. White*, No. 17-CV-2288 (RRM) (SIL), 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) (finding proof of mailing established by record issued by United States Postal Service). "These materials create a presumption of receipt by the addressee." *Onewest Bank, N.A. v. Simon*, No. 14-CV-6622 (RJD), 2019 WL 1320275, at *11 (E.D.N.Y. Mar. 22, 2019) (finding affidavit stating notice was sent, in addition to copy of notice with proof of mailing, gave rise to presumption of receipt); *see Residential Holding Corp. v. Scottsdale Ins. Co.*, 286 A.D.2d 679, 680 (N.Y. App. Div. 2001) ("Generally, proof of proper mailing gives rise to a presumption that the item was received by the addressee . . . The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed.").

Alternatively, Watts argues that even if he received the 90-day notice Plaintiff submits to the Court, this notice is defective on its face because it contains an amount owed that is inconsistent with the Notice of Default and an incorrect date of default. (Answer ¶ 37; Dkt. No. 51-18 at 10). Watts points to the inconsistency between the amount requested in the 90-day notice ($4,632.02) and that requested in the default notice ($4,750.31). (Dkt. No. 46-10 at 19, 50). The 90-day notice also states that Watts was in default as of May 1, 2016, but both Plaintiff and Watts agree he was in default as of June 1, 2016. (*Id.*).

A discrepancy in amount owed "does not preclude the issuance of summary judgment directing the sale of the mortgaged property." *Hoyer*, 362 F. Supp. 3d at 82 (quoting *Crest/Good Mfg. Co. v. Baumann*, 160 A.D.2d 831, 831–32 (N.Y. App. Div. 1990). Pursuant to New York law the Court or an appointed referee determines the amount due and therefore, "inconsistencies regarding the amount to cure the default

6

identified in the notices would not change the Court's decision to grant summary judgment in Plaintiff's favor." *Id.* (citing RPAPL § 1321 and *U.S. Bank Trust, N.A. v. Dingman*, No. 16 Civ. 1384 (CS), 2016 WL 6902480, at *4 (S.D.N.Y. Nov. 22, 2016)); *see also CIT Bank, N.A. v. Nwanganga*, 328 F.Supp. 3d 189, 199 (S.D.N.Y. 2018) (dispute as to exact amount owed by mortgager to mortgagee does not preclude summary judgment directing foreclosure sale); *Johnson v. Gaughan*, 128 A.D.2d 756 (N.Y. App. Div. 1987) (holding that challenges to amount of mortgage debt do not constitute meritorious defense to motion for summary judgment).

However, the Second Department has upheld the dismissal of a complaint in a foreclosure action where the 90-day notice contained an incorrect number of days the debtor was in default. *See CIT Bank, N.A. v. Anderson*, No. 16-CV-1712 (ERK) (PK), 2019 WL 3842922, at *3 (E.D.N.Y. Aug. 14, 2019) (citing *Hudson City Sav. Bank v. DePasquale*, 113 A.D.3d 595 (N.Y. App. Div. 2014); *Hudson City Sav. Bank*, Appellant's Br., 2013 WL 12219742, at *13). Judge Korman relied on the *Hudson City Sav. Bank* ruling to hold that even though an inaccuracy may have no effect on a defendant, the slight error of listing two unapproved housing agencies listed in the RPAPL § 1304 notice warranted dismissal of the action pursuant to New York state law. *Id.* at *3. Judge Korman explained:

> The Second Department appears to have departed from that rule [that notice serves to eliminate prejudice] in the narrow context of residential mortgage foreclosures, requiring strict compliance with the RPAPL's notice provisions even where no reliance on the defective notice is alleged . . . This approach could be said to accord with the general purpose of Sections 1303 and 1304: ensuring that borrowers receive 'substantive notice of their rights.' *See* [*HSBC Bank USA, N.A. v.*] *Ahmad*, 62 Misc. 3d [1225(A),] at *7 [(Sup. Ct. Suffolk Cty. Mar. 7, 2019)]. It may also have the salutary effect of encouraging lending institutions to comply with the statutory notice requirements, instead of using the courts as a backstop in the event of minor errors.

*Id.* For these reasons, and the fact that Plaintiff offers no explanation for the error, Plaintiff cannot prevail on its motion for summary judgment because it has failed to establish proper notice. Moreover, "there is no genuine dispute" as to the error, entitling Watts to summary judgment. Fed. R. Civ. P. 56.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that the Court GRANT Watts's motion for summary judgment dismissing the Complaint and DENY Plaintiff's motions for summary judgment against Watts and default judgment against the Municipal Defendants. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon the Defendants by regular and certified mail and to file proof of service on CM/ECF promptly thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See*

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.

United States Magistrate Judge

Dated: December 16, 2019

Brooklyn, NY