UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――

No. 16-CV-6919 (ENV) (RER)

―――――――――――――――

WELLS FARGO BANK, N.A.,

Plaintiff,

VERSUS

ANDRE A. WATTS, AKA ANDRE WATTS; CRIMINAL COURT OF THE CITY OF NEW YORK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

Defendants.

―――――――――――――――

**Supplemental Report & Recommendation**

May 27, 2020

―――――――――――――――

**To the Honorable Eric N. Vitaliano,
Senior United States District Judge**

**Ramon E. Reyes, Jr., U.S.M.J.:**

I write respectfully in response to Your Honor's May 21, 2020 order, pursuant to Federal Rule of Civil Procedure 72(b)(3), that I "clarify how the parties' reply papers support [the] finding (if at all) or otherwise affect" my December 16, 2019 report and recommendation ("R&R"). (Order dated 5/21/20). In sum, the parties reply papers support the finding in the R&R for two reasons.

First, while Plaintiff's reply brief and affidavit "appear to address the possible discrepancy of dates of default between Plaintiff's 90-day notice and other sources in the record" (*id.*), I

1

exercised the discretion to reject them.[1]  It is well settled that a court has wide discretion to accept or reject factual assertions and arguments made for the first time on reply.  *E.g., Watson v. Geithner*, 355 F. App'x 482, 483 (2d Cir. 2009) (court may decline to consider an argument raised for the first time in a reply brief); *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009) (citations omitted) (finding "[a] district court enjoys broad discretion . . . to consider arguments made for the first time in a reply brief [and] . . . to rely on evidence submitted with the reply papers")*; Scotto v. HSN, Inc.*, No. 13-CV-2471 (ENV) (RLM), 2016 WL 6195692, *7 n.11 (E.D.N.Y. Oct. 21, 2016) (denying defendants attempt to incorporate summary judgment claim for the first time in their reply brief); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.").  Plaintiff filed this case contending that defendant Andre A. Watts ("Watts" or "Defendant") defaulted on his mortgage payments on June 1, 2016.  (Dkt. No. 1 ("Compl.") at ¶ 16).  Plaintiff moved for summary judgment contending under oath that Watts defaulted on his mortgage on June 1, 2016.  (Dkt. No. 46-9 (" Simmons Aff.") at ¶ 6; Dkt. No. 48 ("Pl.'s Rule 56.1 Statement of Undisputed Facts") at ¶ 5).  When confronted with the fact that a June 1, 2016 default date would render the June 6, 2016 90-day notice facially deficient with respect to the number of days the loan was in default, Plaintiff relied on reply on the *same* business records to argue that the default date was actually May 1, 2016.  (Dkt. No. 49 ("Vieau Aff.") at ¶ 3).  Given Plaintiff's burden to establish the date of

---

[1] Plaintiff's contention that I "overlooked" its reply papers when recommending that its motion for summary judgment be denied is incorrect.  (Dkt. No. 55 ("Pl.'s Obj.") at 3).  Although I did not reference them in the R&R, they were considered but rejected.

Defendant's default and the sufficiency of its 90-day notice,[2] I felt Plaintiff's sudden change of facts on reply to be too convenient to warrant acceptance. *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528–29 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding. Accordingly, the district court properly disregarded Universal's affidavits seeking to controvert its own pleading.") (internal citations omitted).

Second, even if accepted, Plaintiff's reply papers do not establish that there is no dispute of fact concerning the date of Watts' default. As Watts correctly notes, the Vieau Affidavit appears to be incorrect on its face with respect to the amount of the July 7, 2016 mortgage payment. (Dkt. No. 52-1 ("Def.'s Mem. of Law") at 2–3). Putting aside that Watts disputes making a mortgage payment of $2508.08 on July 7, 2016, (Dkt. No. 52 ("Watts Aff.") ¶ 4), the business record upon which Vieau relies does not support the contention that Watts made such a payment on that date.

---

[2] Plaintiff's argument that it need not prove the sufficiency of the 90-day notice on its motion for summary judgment because the challenge thereto is an affirmative defense, not an element of a *prima facie* case, is misplaced. (*See* Pl.'s Obj. at 2–3). Both state and federal courts in New York have found that "[p]roper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action" and "[p]laintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019) (internal quotation marks and citations omitted); *see also Wells Fargo Bank, N.A. v. Lewczuk*, 153 A.D.3d 890, 891–92 (N.Y. App. Div. 2017) (quoting *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 106 (N.Y. App. Div. 2011)) ("'Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.'"). Plaintiff cannot satisfy its burden with "conclusory statements of compliance with RPAPL's requirements." *United States v. Starr*, No. 16 Civ. 1431 (NSR), 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017). Accordingly, in support of a motion for summary judgment, Plaintiff is required to provide "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers." *Aurora*, 85 A.D.3d at 106; *see also Starr*, 2017 WL 4402573, at *4 (denying unopposed summary judgment motion where plaintiff failed to establish compliance with RPAPL § 1304). Regardless of whether such proof is a *prima facie* element, here Defendant has asserted this affirmative defense and it is Plaintiff's obligation on summary judgment to establish the sufficiency of the § 1304 notice. *See Starr*, 2017 WL 4402573, at *3 (citing *Onewest Bank, N.A. v. Guerrero*, No. 14 Civ. 3754 (NSR), 2016 WL 3453457, at *5 (S.D.N.Y. June 17, 2016)) ("New York courts . . . have found that compliance with these statutes is a "condition precedent" to the commencement of a foreclosure action and that a plaintiff has the burden of establishing satisfaction of that condition). In my opinion, Plaintiff has failed to do so.

3

The transaction history attached to both the Vieau and Simmons Affidavits indicates a payment of $2141.35 on July 7, 2016, not $2508.08.  (Dkt. No. 49 at 33; Dkt. No. 46-9 at 33). While other items appear on the ledger for July 7, 2016 there is no explanation of how they relate to the mortgage amount that was purported paid on that date.  It may well be that the ledger supports Plaintiff's contention that Watts made a mortgage payment, in whatever amount, on July 7, 2016, and that payment was properly applied to a purported May 1, 2016 default, but Plaintiff does not sufficiently explain how or why that is, and it is not for the Court to weigh the evidence submitted on summary judgment, let alone resolve ambiguities or draw inferences in favor of the moving party. *E.g., Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) ("[T]he court is to draw all factual inferences in favor of the party *against* whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party *opposing* the motion.") (emphasis added) (citations omitted).

In all, I could not say then and I cannot say now that it is beyond dispute that the July 6, 2016 90-day notice was issued properly.  This is due in whole to the contradictions in Plaintiff's complaint and submissions in support of its motion for summary judgment.  In that regard I remain convinced that Plaintiff's motion should be denied. Nevertheless, I recognize that Plaintiff ultimately may be able to prove the propriety of its 90-day notice, perhaps in an evidentiary hearing on that issue alone.[3]  Accordingly, and in retrospect, Watts' motion for summary judgment should also be denied, as there remains a genuine dispute of material fact as to whether the 90-day notice was properly issued.

---

[3] There are no other objections to the R&R, which found in all other respects that plaintiff was entitled to foreclose on the mortgage.

4

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion and Defendant's cross motion for summary judgment be denied. I also respectfully request that Your Honor refer the matter to me for an evidentiary hearing on the sufficiency of Plaintiff's 90-day notice.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**Respectfully,**

*Ramon E. Reyes Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge
Dated: May 27, 2020
Brooklyn, NY