UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
WELLS FARGO BANK, N.A.,                              :
                                                     :
                                      Plaintiff,   :
                                                     :       MEMORANDUM & ORDER
                 -against-                    :
                                                     :       16-cv-6919 (ENV) (RER)
ANDRE A. WATTS AKA ANDRE WATTS,                      :
CRIMINAL COURT OF THE CITY OF NEW                    :
YORK, NEW YORK CITY ENVIRONMENTAL                    :
CONTROL BOARD, and NEW YORK CITY                     :
TRANSIT ADJUDICATION BUREAU,                         :
                                                     :
                                  Defendants.  :
------------------------------------------------------------- x
VITALIANO, D.J.

        On December 15, 2016, plaintiff Wells Fargo Bank, N.A. (the "bank") commenced this action against defendant Andre A. Watts, as well as against the Criminal Court of the City of New York, New York City Environmental Control Board, and New York City Transit Adjudication Bureau ("municipal defendants"), seeking to foreclose its mortgage encumbering 13-06 Caffrey Avenue, in Far Rockaway, Queens, and to obtain a judgment of sale under New York Real Property Actions and Proceedings Law ("RPAPL") § 1351.  Compl., Dkt. 1.  The parties have cross-moved for summary judgment, pursuant to Fed. R. Civ. P. 56, and the bank has moved for default judgment against municipal defendants under Fed. R. Civ. P. 55.  Dkts. 45, 51.  The Court referred the motions to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation, which he issued on December 16, 2019, Dkt. 53 ("R&R"), and in which he recommended that Watt's motion be granted, that the complaint be dismissed, and that the bank's motions be denied.  R&R, at 2.

        Following a timely objection to the R&R by the bank, Pl.'s Obj., Dkt. 55, the Court returned the matter to Magistrate Judge Reyes for clarification.  On May 27, 2020, he issued a

Supplemental Report and Recommendation, in which he instead recommended that the Court also deny Watts's motion, and he requested referral for an evidentiary hearing. Dkt. 57 ("Supplemental R&R"). The bank filed a timely objection to the Supplemental R&R. Pl.'s Supp. Obj., Dkt. 58. Watts filed no objection to either the R&R or the Supplemental R&R. *See* Dkts. 56, 59. After careful consideration of both the R&R and the Supplemental R&R, including a *de novo* review of those portions to which the bank has objected, the Court adopts the R&R, as amended by the Supplemental R&R, as the opinion of the Court.

## Background

The facts, as found by Magistrate Judge Reyes, are largely undisputed. On April 13, 2005, Watts executed and delivered a note in the amount of $448,000 in favor of Fremont Investment & Loan, secured by a mortgage on 13-06 Caffrey Avenue. R&R, at 2. The bank became the mortgage holder by way of assignment on June 4, 2012, which was recorded on August 7, 2012. *Id.* Watts entered into a modification agreement with the bank on March 28, 2014, which modified both the principal balance of the loan and the interest rate. *Id.* Interest began to accrue on April 1, 2014, and the first payment on the modified loan was to be due on May 1, 2014. *Id.* Watts failed to make payments beginning on June 1, 2016, prompting the bank to file this action against Watts to foreclose the mortgage.[1] *Id.*

Default was entered against Watts and municipal defendants, and the bank filed a motion for default on May 5, 2017. *Id.*; *see* Dkt. 11. Prior to decision, however, Watts appeared and moved to vacate the entry of default against him, which was granted by Magistrate Judge Reyes.

---

[1] According to its complaint, the bank named the municipal defendants as necessary parties because they either claimed an interest in, or possessed a lien against, 13-06 Caffrey Avenue, that was subordinate to the bank's interest. *See* Compl. ¶¶ 5–8; R&R, at 2; *see also* N.Y. Real Prop. Acts. Law § 1311(3).

*Id.* at 2–3; *see* Dkts. 31, 32.  On March 13, 2019, the Court, upon the recommendation of Magistrate Judge Reyes, *see* Dkt. 33, denied the bank's motion for default judgment against Watts as moot, and denied the bank's motion for default judgment against municipal defendants without prejudice.  Dkt. 40.  The bank has since moved to renew its motion for default judgment against municipal defendants, and has also moved for summary judgment against Watts, Dkt. 45, and Watts has filed a cross-motion for summary judgment against the bank.  Dkt. 51.

In his R&R, issued December 16, 2019, Magistrate Judge Reyes, applying New York State law, found that there was no dispute that the bank established the first element of its *prima facie* case for foreclosure by providing proof of the mortgage and the note, including proof of assignment.  R&R, at 4; *see Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019); *Bank of Am. v. 3301 Atl., LLC*, No. 10-cv-5204 (FB), 2012 WL 2529196, at *9 (E.D.N.Y. June 29, 2012).  He similarly found no dispute that the bank established Watts had defaulted on the loan.  R&R, at 5; *see Hoyer*, 362 F. Supp. 3d at 79.  However, he found that the bank had failed to meet its burden of showing that it complied with the "stringent notice requirements" of RPAPL § 1304, compliance with which is a "condition precedent" to a foreclosure action.  R&R, at 5–6 (quoting *United States v. Starr*, No. 16-cv-1431 (NSR), 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017)).

Specifically, Magistrate Judge Reyes observed a discrepancy between the bank's § 1304 notice, mailed on June 6, 2016, which reported that Watts was in default as of May 1, 2016 and owed $4632.02, and its "Default Notice," issued pursuant to the terms of the mortgage agreement and mailed July 15, 2016, which reported Watts as being in default since June 1, 2016, and owing $4750.31.  *Id.* at 6.  Although, Magistrate Judge Reyes observed, "[a] discrepancy in amount owed 'does not preclude the issuance of summary judgment directing the

3

sale of the mortgaged property,'" *id.* at 6 (quoting *Hoyer*, 362 F. Supp. 3d at 82), the reporting, in a § 1304 notice, of an incorrect number of days a debtor is in default, requires the dismissal of the complaint. *Id.* at 6–7 (citing *CIT Bank, N.A. v. Anderson*, No. 16-cv-1712 (ERK) (PK), 2019 WL 3842922, at *3 (E.D.N.Y. Aug. 14, 2019)). As a result, he recommended the Court grant Watt's motion for summary judgment dismissing the bank's complaint, and deny the bank's motions. *Id.* at 7.

The bank filed a timely objection, which was centered on certain evidence it submitted in its reply papers that were not discussed in the R&R. *See* Pl.'s Obj. On May 21, 2020. The Court returned the matter to Magistrate Judge Reyes and requested that he explain "how the parties' reply papers support his finding (if at all) or otherwise affect his recommendations." *See* May 21, 2020 Docket Order. On May 27, 2020, he issued his Supplemental R&R, amending the R&R only with respect to his original finding that no genuine dispute of material fact existed as to the bank's compliance with RPAPL § 1304, and instead explaining that his original recommendation was impermissibly founded upon his weighing of the evidence. Supplemental R&R. Rather, he recommended that both parties' motions be denied, and he requested referral to conduct an evidentiary hearing. *Id.* The bank once again objected, arguing that its reply papers indisputably resolve the purported discrepancy, such that it is entitled to judgment as a matter of law. Pl.'s Supp. Obj., at 3. Watts filed no objection. *See* Dkt. 59.

Legal Standard

Upon referral, a magistrate judge is vested with the authority to hear a pretrial matter dispositive of a claim, and to recommend a disposition, which may include proposed findings of fact. Fed R. Civ. P. 72(b)(1); *see* 28 U.S.C. § 636(b); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and, in the absence of

4

any objection, the Court need only be satisfied that there is no clear error on the face of the record. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Should a party timely object to any portion of the proposed findings and recommendations, *see* Fed. R. Civ. P. 72(b)(2), the district court must conduct a *de novo* review of those portions properly objected to, Fed. R. Civ. P. 72(b)(3).

## Discussion

The bank first raises two objections. First, it criticizes Magistrate Judge Reyes's characterization of the notice requirements of RPAPL § 1304 as an element of a *prima facie* case for foreclosure, rather than merely a statutory precondition, although it concedes that, under either characterization, it bears the burden of disproving its lack of compliance. Pl.'s Obj., at 2–3. Second, and more importantly, it challenges Magistrate Judge Reyes's finding that it failed to explain the discrepancy between the two notices it sent to Watts. To the contrary, it argues, it provided both an explanation and supporting evidence in its reply papers by supplying an affidavit from Christy Vieau, a document execution associate with the bank's servicing agent, who explained that Watts had been in default as of May 1, 2016 at the time of the § 1304 notice, but that he had subsequently tendered a payment of $2508.08—a payment Watts baldly denies making, *see* Dkt. 52-1, at 2–3—at which point the loan became due for the June 1, 2016 payment. *See* Pl.'s Obj. at 3; *see also* Def.'s Reply, Dkt. 50; Vargas Decl, Dkt. 49, Ex. A (Vieau Aff.). As to the Supplemental R&R, the bank objects to Magistrate Judge Reyes's decision to discount the weight assigned to its reply papers, and that, in any event, summary judgment in its favor is warranted.

Reviewing, *de novo*, those portions of Magistrate Judge Reyes's Reports and Recommendations properly objected to, the Court concludes that the R&R, as amended by the Supplemental R&R, is free from error. According to the bank, Watts's self-serving denial that

5

he made a payment of $2508.08 on July 7, 2015 cannot overcome Vieau's sworn statement to the contrary. Pl.'s Supp. Obj., at 3; *see* Vieau Aff, at 1. Of course, notwithstanding the general rule that a court must not, at the summary judgment stage, weigh evidence or assess credibility, it may nevertheless find an absence of a genuine dispute of material fact where a party relies exclusively on his own testimony otherwise unsubstantiated by the record, or offers only a bare denial. *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005); *United States v. One Parcel of Property*, 985 F.2d 70, 73 (2d Cir. 1993). The Court cannot agree with the bank, however, that such is the case here. As Magistrate Judge Reyes correctly observed, the transaction history attached to Vieau's affidavit reflects a payment of $2141.35 on July 7, 2016, and not, as the bank contends, $2508.08. Supp. R&R, at 3; *see* Dkt. 49, at 33; *see also* Dkt. 46-9, at 33. The apparent inconsistency may not be irreconcilable, but the Court will not endeavor to collect the trail of breadcrumbs left about the record; it is, instead, the bank's burden, as both the movant and as the party seeking foreclosure, to shore up any material factual ambiguities. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004); *Hoyer*, 362 F. Supp. 3d at 78–79. The Court agrees that a hearing to assess and, perhaps, supplement the evidentiary record is appropriate to see whether the bank has successfully adduced evidence establishing its compliance with § 1304.

Conclusion

After careful review of Magistrate Judge Reyes's R&R, as amended by the Supplemental R&R, the Court finds it to be correct, well-reasoned, and free of any clear error, and it is adopted in its entirety as the opinion of the Court.

Consequently, all motions are denied without prejudice, and the matter is respectfully referred to Magistrate Judge Reyes to conduct an evidentiary hearing on the sufficiency of the bank's RPAPL § 1304 notice and to recommend further action consistent with his findings.

So Ordered.

Dated:   Brooklyn, New York
         July 31, 2020

                                                 s/ Eric N. Vitaliano
                                                 ERIC N. VITALIANO
                                                 United States District Judge